UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JONATHAN RIOS and | § | Cv. No. 5:13-CV-946-DAE |
| JUAN JAVIER RIOS | § | |
| COVARRUBIAS, | § | |
| | § | |
|     Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| RANDOLPH BROOKS FEDERAL | § | |
| CREDIT UNION, | § | |
| | § | |
|     Defendant. | § | |

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S
MOTION TO DISMISS

On August 5, 2014, the Court heard oral arguments on the Motion to

Dismiss for Failure to State a Claim filed by Defendant Randolph Brooks Federal

Credit Union ("RBFCU").  ("Mot.," Dkt. # 26.)  Plaintiffs Johnathan Rios and Juan

Javier Rios Covarrubias appeared pro se; Marc K. White, Esq., appeared at the

hearing on behalf of Defendant.  After reviewing the motions, and considering the

parties' arguments at the hearing, the Court, for the reasons that follow, **GRANTS**

**IN PART AND DENIES IN PART** Defendant's Motion to Dismiss.

BACKGROUND

On November 26, 2012, Plaintiffs Juan Javier Rios Covarrubias

1

("Covarrubias") and Johnathan Rios (collectively, "Plaintiffs")[1] secured an auto loan from Defendant in the amount of $20,429.10. ("Compl.,"[2] Dkt. # 13 ¶ 11.) The disagreement in the present case appears to stem from a letter sent by Defendant to Plaintiffs on August 7, 2013, whereby Defendant informed Plaintiffs that they missed two payments and were in default by $770.00. (Id. Ex. 1. at 20.) On August 16, 2013, Plaintiffs received a second letter informing them that they were required to pay the amount in default and the August 2013 payment by noon on August 29, 2013, or the loan would be accelerated. (Id. at 21.) The amount Plaintiffs were required to pay at this point was $1,217.01. (Id.)

In response to the letter, Plaintiff obtained a credit report on August 16, 2013. (Id. ¶ 13.) Plaintiffs found what they assumed was inaccurate data, because the past due amount on their credit report was not the $1,217.01 provided for in the letter. (Id. at 14.)[3] Upon further analysis, Plaintiffs found several alleged inaccuracies that indicated they were either current or thirty days late on

---

[1] Covarrubias and Rios are father and son, Covarrubias being the father.

[2] Although Plaintiffs filed an Amended Complaint (Dkt. # 24), the Amended Complaint removes many of the facts as set forth in the Original Complaint. Considering Plaintiffs' pro se status, the Court will cite to the Original Complaint as needed to recite Plaintiffs' factual allegations.

[3] Perhaps Plaintiffs did not understand that since they still had a week to make the August payment (due on August 24), that amount would not have been reported as late.

their payments when in fact they were actually thirty or sixty days late, respectively.  (See Id. ¶¶ 14–18.)

Plaintiffs assert that on August 16, 2013, and October 10, 2013, they informed the credit report agency, Experian, in writing of the inaccuracies.  (Id. ¶ 15.)  Plaintiffs also claim that they spoke with the manager of one of Defendant's branch offices on August 29, 2013, and informed her of the inaccuracies.  (Id. ¶19.)

On October 4, 2013, Plaintiff Rios was rejected by Bank of America N.A. for a loan in the amount of $19,000 that was to be used to pay off the loan with Defendant.  (Id. ¶ 26.)  He also asserts that he was turned down for another loan in the sum of $17,000 at an undisclosed date and asserts that he was rejected for these loans due to the inaccuracies on his credit report.  (Id.)  However, Plaintiff affirmatively disproves his own assertion by providing a letter from Bank of America, N.A. informing him that he was turned down for the $19,000 loan because of his delinquent payment status.  (Id. Ex. 1. at 10.)[4]

Plaintiffs filed suit alleging that Defendant's failure to provide accurate information violated The Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) and seeking injunctive relief and damages.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a

---

[4] The Court notes that Plaintiff was attempting to obtain the loans to pay off a loan that was in default with a credit rating of 446.  (Id., Ex. 1. at 10.)

complaint for "failure to state a claim upon which relief can be granted." Review is limited to the contents of the complaint and matters properly subject to judicial notice. See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007). In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

A complaint need not include detailed facts to survive a Rule 12(b)(6) motion to dismiss. See Twombly, 550 U.S. 544, 555–56 (2007). In providing grounds for relief, however, a plaintiff must do more than recite the formulaic elements of a cause of action. See id. at 556–57. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Iqbal, 556 U.S. at 678 (internal quotations and

4

citations omitted).  Thus, although all reasonable inferences will be resolved in favor of the plaintiff, the plaintiff must plead "specific facts, not mere conclusory allegations."  Tuchman v. DSC Commc'ns Corp., 14 F.3d 1061, 1067 (5th Cir. 1994); see also Plotkin v. IP Axess Inc., 407 F.3d 690, 696 (5th Cir. 2005) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions.").

When a complaint fails to adequately state a claim, such deficiency should be "exposed at the point of minimum expenditure of time and money by the parties and the court."  Twombly, 550 U.S. at 558 (citation omitted).  However, the plaintiff should generally be given at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice.  Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 329 (5th Cir. 2002).

<u>DISCUSSION</u>

Plaintiffs have set forth a cause of action under 15 U.S.C. § 1681s-2, alleging that Defendant furnished inaccurate information to credit agencies and failed to timely comply with a request to fix the errors.  (Compl. ¶¶ 37–39.)

Defendant has brought this Motion to Dismiss, arguing (1) Plaintiff improperly attained In Forma Pauperis ("IFP") status because Covarrubias does not meet the financial requirements, (2) Plaintiffs' claim against Defendant is frivolous, and (3) Plaintiffs have failed to state a claim upon which relief can be

5

granted.  (Mot. ¶ 3.)   Defendant further argues that Plaintiffs are vexatious litigants and request a ruling from the Court labeling them as such and preventing them from filing further lawsuits against Defendant.   (Mot. ¶ 28.)   The Court will address each of Defendant's arguments separately.

I.      Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Defendant asserts that Plaintiffs have failed to state a claim for relief under 15 U.S.C. § 1681s-2, and point out that the statute may not even allow for a private right of action. (Mot. at 4 n.4.)

Generally 15 U.S.C. § 1681s-2 does not create a private right of action against furnishers of credit information, such as banks and credit unions for inaccurate credit information.  Sanders v. Mt. Am. Fed. Credit Union, 689 F.3d 1138, 1140 (10th Cir. 2012) (holding that a right of action under 15 U.S.C.S. § 1681s-2 is limited to claims against the credit reporting agency; it does not extend to furnishers).  The FCRA explicitly provides that there is no private right of action under § 1681s–2(a) and that enforcement of this subsection is to be provided exclusively by government officials. See, e.g., Young v. Equifax Credit Info. Servs., Inc., 294 F.3d 631, 639 (5th Cir. 2002) ("Section 1681s–2(c) ... provide[s] an exception to civil liability for failure to comply with Section 1681s–2(a) ..., and Section 1681s–2(d) provides that enforcement of Section 1681s–2(a) shall be by government officials." (citations omitted)).

However, a private right of action may exist if a furnisher of information fails to conduct a good faith investigation after receiving notice from a credit reporting agency ("CRA") of a dispute. See Young, 294 F.3d at 639 ("Thus, any private right of action [the plaintiff] may have under § 1681s–2(b) would require proof that a consumer reporting agency ... had notified [the defendant] pursuant to § 1681i(a)(2).").

In order to prevail on the single private cause of action allowed by the statute, Plaintiff must prove that upon receiving notice of a dispute from a CRA, a furnisher of credit information must (1) investigate the disputed information; (2) review all relevant information provided by the CRA; (3) report the results of the investigation to the CRA; (4) report the results of the investigation to all other CRAs if the investigation reveals that the information is incomplete or inaccurate; and (5) modify, delete, or permanently block the reporting of the disputed information if it is determined to be inaccurate, incomplete, or unverifiable. Pinson v. Equifax Credit Info. Servs., Inc., 316 F. App'x 744, 750 (10th Cir. 2009).

Plaintiffs' complaint comes nowhere near alleging enough facts to establish Defendant's liability for the elements of the law. The complaint contains only conclusory allegations and bare recitations of the law. Furthermore, even the conclusory allegations address only some of the elements. (See Compl. ¶ 29 ("Defendant had a responsibility… to investigate and make the corrections

7

necessary.").)  For example, Plaintiffs allege that they personally notified Defendant at its branch office, located at One Randolph Brooks Parkway Live Oak, TX 78233 (FAC ¶ 13.)  However, personal notification is not the statutory requirement.  In order for a private cause of action to attach, a defendant must be notified by a <u>CRA</u>. <u>Young</u>, 294 F.3d at 639.

Even if the Court were to accept Plaintiffs' allegations as true and assume Defendant was notified of deficiencies by a CRA, the facts clearly establish that Defendant fully complied with the law.  After receiving notice of the August 16, 2013 and October 16, 2013 disputes, Defendant performed the necessary investigation, found no issues and forwarded the findings to Experian and Trans Union on September 18 and October 16, 2013, respectively.  (Mot. Ex. A ¶ 2–5.)  Furthermore, Plaintiffs do not allege any actual harm they suffered as a result of any action or inaction by Defendant.  They merely state that they "suffered great [p]hysical, emotional and me[n]tal pain" and have been unable to take advantage of the most favorable terms in credit offers.  (Compl. ¶¶ 30, 31.)

Plaintiffs have not only failed to state a claim for which relief can be granted, they failed to allege <u>any</u> facts that can establish Defendant's liability.  Accordingly, the Court **GRANTS** Defendant's Motion to Dismiss for failure to state a claim.

II.     Motion to Dismiss Under 28 U.S.C. § 1915(e)(2)

       Defendant also moves to dismiss Plaintiffs' claim based on an improper allegation of poverty.  Specifically, Defendant asserts that Plaintiffs' claim should be dismissed under § 1915, because they falsified their application to proceed in forma pauperis ("IFP").  (Mot. ¶ 3.)  (Mot. ¶ 12.)

       Congress enacted the IFP statute to ensure that indigent litigants have meaningful access to the federal courts.  Neitzke v. Williams, 490 U.S. 319, 323 (1989).  However, to prevent abuse of the litigation process by plaintiffs who have nothing to lose by filing meritless lawsuits, § 1915(d) authorizes a district court to dismiss an IFP complaint if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious.  Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990).  Pursuant to 28 U.S.C. § 1915 (e)(2), a court shall dismiss a case at any time if the Court determines that the allegation of poverty is untrue.  See 28 U.S.C. § 1915 (e)(2) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue.")

       In support of its Motion to Dismiss, Defendant presents evidence that in the last few years, Plaintiffs have reported wildly different monthly incomes depending on whether they were applying for loans or attempting to proceed IFP. (Mot. ¶¶ 12–14.)  For example, in 2011, Plaintiff Covarrubias' wife, Maria, applied

to proceed IFP in a similar action; the court denied her application after finding

that she and her spouse had a household income of $2,400 per month and therefore

had the resources to pay the filing fee to initiate the lawsuit.  (Mot. Ex. E.)  In

October and November of 2012, Plaintiff Covarrubias applied for several loans

where he reported monthly incomes ranging from $2,900 to $6,500.  (Mot. Ex. D.)

However, when applying to proceed IFP in the present case in October 2013,

Plaintiff Covarrubias reported his monthly income as $2,083.  (Dkt. # 2. at 1.)

   While the Court does recognize that it is common for household

incomes to vary over the course of several years, Plaintiff listed the same place of

employment on all the loan and IFP applications.  (Id.; Mot. Ex. D.)  This fact

makes it far less likely that their income would have varied so drastically and tends

to indicate that Plaintiff falsely represented his household income on his

applications for IFP and/or his loans.

   The only statutory requirement for the allowance of an indigent's

appeal is the applicant's good faith.  Ellis v. U. S., 356 U.S. 674 (1958).  In the

absence of some evidence of improper motive, the applicant's good faith is

established by the presentation of any issue that is not plainly frivolous.  Farley v.

United States, 354 U.S. 521, 522 (1957); see also Washington v. E. Baton Rouge

Parish Sch. Sys., 504 F. App'x 350, 351 (5th Cir. 2013) ("Although pro se filings

are liberally construed, pro se litigants still must adequately brief their arguments

and are not permitted to make baseless attacks against the judiciary.").  The varying incomes reported by Plaintiffs combined with the incredibly frivolous nature of the complaint indicate that Plaintiffs did not apply for indigent status in good faith.

Plaintiffs' issue is indeed frivolous.  Here, "the facts alleged rise to the level of the irrational or wholly incredible."  See Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992).  Plaintiffs are asserting that alleged inaccuracies in their credit scores (which actually showed them to be in a better financial position than they actually were) somehow caused them to be turned down for other loans. However, although Defendant points to the multiple previous claims filed by Plaintiffs as evidence of bad faith, as discussed above, this case and the other case pending in this Court represent the first filings by Covarrubias against Defendant. Therefore the multiple previous filings by other members of the family are not necessarily evidence of Covarrubias' bad faith in the instant suit.

Although Plaintiffs' claim of poverty is highly suspect based on the inconsistent representations of their income and this case is indeed frivolous, because the Court has already concluded that Plaintiffs' claims will be dismissed with prejudice, the Court declines to grant Defendant's Motion to Dismiss pursuant to § 1915(d).

III.   Vexatious Litigants

In its Motion to Dismiss, Defendant also requests that this Court label Plaintiffs as vexatious litigants and request a ruling preventing Plaintiffs from filing further lawsuits against Defendant.   (Mot. ¶ 28.)    The traditional standards for injunctive relief of irreparable injury and inadequate remedy at law do not apply to the issuance of an injunction against a vexatious litigant.  Baum v. Blue Moon Ventures, LLC, 513 F.3d 181, 189 (5th Cir. 2008) (quoting In re Martin-Trigona, 737 F.2d 1254, 1262 (2d Cir. 1984)).

In determining whether it should impose a pre-filing injunction or modify an existing injunction to deter vexatious filings, a court must weigh all the relevant circumstances, including the following four factors: (1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions.  Id.; Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 818 (4th Cir. 2004)

A.   The Party's History of Litigation

Members of Plaintiffs' family have a troubling history of litigating this specific issue multiple times.  Defendant points out that since 2011, Plaintiff

Covarrubias and his wife have attempted to bring actions arising under 15 U.S.C. §
1681s-2 seven other times.  (Mot. ¶ 16.)  Six of those cases were dismissed either
for stating frivolous claims or for failure to prosecute.[5]  The seventh case,
referenced above, is still pending before this Court and is duplicative because it
addresses substantially the same issue against the same Defendant as the instant
case.[6]

However, at the hearing Covarrubias maintained that he has only filed
one other claim in federal court against another defendant and he was not
associated with the remaining claims, which were filed in his wife's name.
Therefore, this is only the first cause of action filed by Covarrubias against the
instant Defendant.

B.    No Good-Faith Basis for Pursuing Litigation

There does not appear to be any good-faith basis for Plaintiffs' filings.
Defendants argue that based upon the outcomes of the previous suits asserting the
same claims, Plaintiffs were fully aware prior to filing the present action that their
cause of action was frivolous, without merit, and would be dismissed on such
grounds.  Members of Plaintiff's family have pursued this course of litigation

---

[5] See Nos. SA-13CA-0941; 11-cv-550; 11-cv-1068; 11-cv-744; 11-cv-542; 11-cv-541.

[6] See Juan Javier Rios Covarrubias v. Randolph-Brooks Federal Credit Union, No. SA-13-cv-941.

multiple times, yet seem to have never sustained any actual damage as required by the law.  See 15 U.S.C § 1681n; (Compl. ¶ 38.)  However, as noted above, this suit and the other suit pending in this Court[7] filed by Covarrubias represent only the second and third suits filed by Covarrubias, the first suit being filed against a different defendant.

      C.    <u>The Burden on the Courts and Other Parties</u>

            Plaintiffs have wasted valuable judicial resources on frivolous claims. The Court has a significant interest in deterring frivolous filings such as this one as they interfere with other litigants' right to a speedy and effective legal system.  <u>See Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 360 (5th Cir. 1986) (recognizing the district court's inherent power to protect its jurisdiction and judgments and to control its own dockets); <u>see also</u> <u>Green v. Warden, U.S. Penitentiary</u>, 699 F.2d 364, 368 (7th Cir. 1983) (finding an injunction necessary "in light of the utterly frivolous and often malicious nature of the plaintiff's pleadings and causes of actions").  Although Defendant has been forced to defend this frivolous suit, as discussed above, this case and the other case pending in this Court represent the

---

[7] The two cases in this Court were filed only one day apart.  Although Randolph Brooks Federal Credit Union is the same in both cases, the suits are based upon different accounts—the account in this case belonging to Covarrubias and his son, and the account in the other case belonging solely to Covarrubias.

first suits filed by Covarrubias against Defendant.[8]

### D.   The Adequacy of Alternative Sanctions

A district court has the authority to impose a pre-filing injunction to deter vexatious, abusive, and harassing litigation.  Day v. Allstate Ins. Co., 788 F.2d 1110, 1115 (5th Cir. 1986) (holding that a district court may impose a pre-filing injunction, which would bar a litigant from filing any additional actions without first obtaining leave from the district court to deter vexatious filings) (citing Martin-Trigona v. Lavien, 737 F.2d 1254, 1261–62 (2d Cir. 1984)).  A pre-filing injunction must be tailored to protect the courts and innocent parties, while preserving the legitimate rights of litigants.  Baum, 513 F.3d at 187.

Although Plaintiffs' family has a history of filing meritless claims, again, this and the other case pending in this Court represent the first suits filed by Covarrubias against Randolph Brooks (the previous case by Covarrubias being filed against a different defendant).  Therefore, at this juncture, the Court declines to label Covarrubias and his son as vexatious litigants.  However, as stated at the hearing, Plaintiffs are warned that subsequent frivolous filings such as those appearing before the Court here will be considered vexatious, abusive, and harassing, and will be met with appropriate sanctions.

---

[8] Again, although multiple prior suits have been filed by Plaintiffs' wife, he has represented to the Court that he had no involvement in his wife's legal matters. The Court will accept his representation as true.

15

For the foregoing reasons, the Court **DENIES** Defendant's request to label Plaintiffs as vexatious litigants at this time.

CONCLUSION

For the reasons stated above, the Court hereby **GRANTS IN PART AND DENIES IN PART** Defendant's Motion to Dismiss.  Because the Court grants Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), Plaintiff's second amended complaint is hereby **DISMISSED WITH PREJUDICE**.

Given the highly suspicious nature of Plaintiffs' IFP application, the Court hereby **REVOKES** Plaintiffs' IFP status **WITHOUT PREJUDICE**.

IT IS SO ORDERED.

DATED: San Antonio, Texas, August 7, 2014.

_____
David Alan Ezra
Senior United States Distict Judge